UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Docket #:
Oscar Perez and Daniel Benavides,

      **Plaintiff,**    **COMPLAINT**

  --against--

City of New York; New York City Police Department; Keechant L. Sewell, in her official capacity as Police Commissioner of the New York City Police Department; and John Doe Officers 1-5 (Their True Names and Identities Presently Unknown), Acting In Their Official Capacities,

      **Defendants.**
------------------------------------------------------------X

  Plaintiffs, by their attorneys, Law Office of Gambino & Demers, LLC complaining of the Defendants, all upon information and belief, respectfully allege:

## NATURE OF ACTION AND JURISDICTION

- 1. This is a civil action for discrimination based upon race, gender, ethnicity, age and/or retaliation for Plaintiff's opposing discrimination, in violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, gender, age, national origin and/or retaliation), Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634, New York State Executive Law § 296 et. Seq., commonly known as the New York State Human Rights Law ("NYSHRL") and pendent claims under the Constitution and Laws of the State of New York.

  2. The Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

1

## VENUE

3. The allegations herein arose in Bronx County, New York, and are therefore within this judicial district.

## PARTIES

4. At all times herein mentioned, Oscar Perez was a resident of the County of Orange, State of New York, and was assigned by Defendants to the 46th police precinct within Bronx County.

5. At all times herein mentioned, Plaintiff Daniele Benavides was a resident of the County of Westchester, State of New York, and was assigned by Defendants to the 46th police precinct within Bronx County.

6. Upon information and belief, the City of New York is a political subdivision of the State of New York.

7. Upon information and belief, the New York City Police Department is an agency of the City of New York.

8. Upon information and belief, Keechant L. Sewell, sued in her official capacity, is the Police Commissioner of the New York City Police Department and is responsible for the operation and functioning of the New York City Police Department, the establishment of policies within the New York City Police Department, and obligated to ensure the New York City Police Department is free from discriminatory conduct, such as that alleged herein.

9. At all times relevant herein, Defendants Inspector Rivera, Inspector Aramboles and Deputy Inspector Brea were the Commanding Officers of the 46th Police Precinct and Captain Melendez was the Executive Officer of the 46th Police Precinct, all of whom were acting as agents, employees and/or representatives of the City of New York and the New York City

Police Department.

10. Upon information and belief, throughout the events herein and after described, Inspector Rivera, Inspector Aramboles, Deputy Inspector Brea and Captain Melendez ("Supervisors") were acting in the course of their official duties and functions as Plaintiffs' supervisors within the New York City Police Department.

11. Upon information and belief, during all times mentioned herein, the Supervisors herein were acting under color of law.

## RIGHT TO SUE

12. Plaintiff Perez was granted a Determination and Notice of Rights dated October 21, 2022 issued by the U.S. Equal Employment Opportunity Commission (EEOC Charge # 520-2022-05374). (*See,* Exhibit A).

13. Plaintiff Benavides was granted a Determination and Notice of Rights dated October 31, 2022 issued by the U.S. Equal Employment Opportunity Commission (EEOC Charge # 520-2022-05622). (*See,* Exhibit B).

## ALLEGATIONS AS TO BOTH PLAINTIFFS

14. Plaintiffs are male Hispanics are were assigned as Police Officers to the 46th Precinct in Bronx County, New York at all times mentioned herein.

15. At all times mentioned, Plaintiff Perez was over 40 years of age and is presently 51 years of age, born on May 17, 1970.

16. The Supervisors herein individually/and or collectively have engaged in a continuous, and continuing, course of discriminatory conduct toward Plaintiffs based upon Plaintiffs' race and/or ethnicity (Hispanic) and in retaliation for their opposition to discrimination within the New York City Police Department thereby denying them career advancement

opportunities, promotional opportunities, assignments and overtime.

17. The Supervisors herein individually and/or collectively further engaged in a course of discriminatory conduct toward Plaintiff Perez based upon Perez' age, to wit: 52 years, thereby denying him career advancement opportunities, promotional opportunities, assignments and overtime.

### Allegations unique to Oscar Perez

18. Starting from and including December 2015 and continuing thereafter, the Supervisors individually and/or collectively engaged in a course of discriminatory conduct against Plaintiff Perez resulting in a loss of pay, loss of promotional opportunities, loss of overtime opportunities, denial of special assignments, being unfairly disciplined and denial of career opportunities as a result of his age (52 years) and ethnicity (Hispanic).

19. This has been done with the approval and/or at the direction of the commanding officers of the 46th Precinct, which has historically excluded minorities from the same opportunities as similarly situated Caucasian officers

20. Since March 1, 2019, Perez had been requesting a transfer but has been denied by Inspector Brea while younger, less qualified officers were being transferred.

21. Perez has been unfairly disciplined by Inspector Rivera, Inspector Aramboles, Deputy Inspector Brea and Captain Melendez as a result of his ethnicity, race, and/or age, thereby being compelled to accept the penalties otherwise risking a more severe penalty, including termination, if he fought the charges.

22. During all times mentioned herein, Disciplinary Charges were being unfairly and disproportionately filed by Defendants Inspector Rivera, Inspector Aramboles, Deputy Inspector Brea and Captain Melendez against minority officers, such as Perez.

23. During all times mentioned herein, Perez has been denied patrol functions by Inspector Rivera, Inspector Aramboles, Deputy Inspector Brea and Captain Melendez, thereby restricting his overtime earning ability and career enhancement opportunities while younger and/or non-Hispanic officers were being afforded such opportunities.

24. During all times mentioned herein, Perez received a high number of less desirable assignments under the command of Inspector Rivera, Inspector Aramboles, Deputy Inspector Brea and Captain Melendez in numbers disproportionate to younger and/or non-Hispanic officer, such as being sent to other precincts for a given tour, assigned to fixed posts, transports, hospitalized prisoners, station house security, switchboard officer, and the clerical room.

25. As a result, Perez has lost career enhancing opportunities and overtime opportunities, which reduced by approximately $30,000.00 per year. This reduced earnings also negatively affects Perez' pension.

26. On or about February 27th, 2017, Perez was transferred off midnight tours as a result of disparate disciplinary treatment.

27. On October 2nd, 2018, Perez was threatened by Inspector Aramboles that if he did not sign back to back Command Disciplines with a total of five days taken away, he would be exposed to termination, as a result of disparate, discriminatory disciplinary treatment.

28. Perez has been assigned to guard hospitalized prisoners and given a bathroom break or meal period for the entre tour as a result of disparate, discriminatory disciplinary treatment.

29. Perez have been denied taking overtime for pay and was only permitted to receive overtime in time as a result of his ethnicity and/or age, which is contrary to the treatment of younger and/or non-Hispanic officers.

5

## Allegations unique to Daniel Benavides

30. Police Officer Benavides Daniel is a male Hispanic officer, and was appointed to the New York City Police Department on July 8, 2015.

31. He was thereafter assigned to the 46th Precinct located at 2120 Ryer Avenue Bronx NY, 10457 and has been subjected to ongoing discriminatory actions by Supervisors since 2017 and continuing thereafter based upon his gender, race, ethnicity and in retaliation for opposing discrimination.

32. As a result, Benavides has lost promotional opportunities, changes in assignments, furtherance of his career, transfer into specialized units and lost overtime opportunities.

33. Benavides has been disciplined disparately as compared to other similarly situated non-minority and/or non-male officers as a result of his gender, race, ethnicity and/or retaliation for opposing discrimination.

34. This has been done with the approval and/or at the direction of the Supervisors of the 46th Precinct, which has historically excluded minorities from the same opportunities as similarly situated Caucasian officers, including the following:

  a) At roll call on 03/06/2018, Lt. Iris Espinosa n/k/a Iris Rafferty, a female supervisor conducted an inspection resulting in five officers receiving command disciplines. Benavides was one of those officers. The command discipline was because Benavides was not wearing his hat at roll call. He lost 4 hours pay for this minor infraction. Upon information and belief, Benavides was so disciplined due to his gender as a male.

b) On 12/3/2018, Benavides received a Command Discipline from Lt. Espinosa because he was late getting to a Driver Training course at Floyd Benet Field in Brooklyn. Benavides had called Floyd Bennett Field as he was driving there because he ran into unexpected traffic on his way from his home in Westchester. When he spoke to a supervisor at Floyd Bennett field, he was directed to return back to his command, which he did. Lt. Espinosa then issued him a Command Discipline for being late. He explained to her that he ran into unexpected traffic, that he lives in Westchester and Floyd Bennett is in Brooklyn just before the Marine Park Bridge. The report time at Floyd Bennett is right at the height of rush hour traffic. The Command Discipline also indicated that he was to attend training on four other occasions. On two of those occasions, he was out sick, one other time I had been temporarily assigned to Vice Major Case and the last time he was ordered to traffic court, which takes priority over training. Benavides was then penalized with a loss of four hours from his time bank.

c) Sgt. Michael Whalen is a male, white supervisor at the 46th Precinct. He regularly changed Benavides assignments to undesirable assignments with preference being given to Caucasian officers. He requested Benavides squad supervisor, Sgt. Rangier, to change Benavides post to non-patrol functions. Sgt. Whalen engaged in similar actions concerning another officer, who is a dark-skinned male Hispanic.

d) On 9/3/2017 at approximately 11:30 p.m., Sgt. Chin, a male Asian, and Sgt. Whalen called Benavides inside the domestic violence unit office, where they both yelled at Benavides in an effort to intimidate him. The prior night, Sgt. Whalen became aware that I filed an EEO Complaint against him. Sgt. Chin yelled at me in sum and substance, "why don't you join IAB. No one will work with you. I thought you were a good guy but

7

after this not anymore." He was referencing that the filing of the EEO Complaint. This was done in front of other officers after a roll-call trying to cast Benavides in a negative light with other officers because he opposed discrimination. Sgt. Chin is the Sergeants Union representative in the Precinct, which is why Benavides was being called in before him at the direction of Sgt. Whalen. They made sure Benavides was aware of the repercussions he would suffer if he proceeded to file a claim of discrimination.

e) Sgt. Chin thereafter appeared at all Benavides' roll calls looking for any deficiencies in my uniform and equipment during roll call that week.

f) Sgt. Chin is in charge of Department Recognition for the 46 pct. Benavides put in for three Department Recognitions (October 2018, January 2019 & December 2020). The first request was for saving a life, the second was for a robbery arrest, and the third was for a burglary arrest. Sgt. Chin denied all recognitions.

35. Starting in 2019, Benavides was removed from patrol functions and assigned to menial tasks, such as station house security, hospitalized prisoner watch and fixed posts. This prevented Benavides from making arrests or engaging in activities that could further his career. Junior officers just being assigned to the command were given better assignment than Benavides, who was being denied a partner as well.

36. Benavides' immediate supervisor at the time was Sgt. Rangier, who is a female, white, who regularly mocked Benavides in front of his peers, making condescending comments regarding patrol into incompetence to do the job.

37. In December, 2020, Benavidez was denied a change of tours to steady midnight tour despite having found a partner to do so. Benavides was told he wasn't getting assigned to

steady midnights because he was being transferred to the Counter-terrorism unit. No such transfer was ever made.

38. While Commanding Officer of the 46th Precinct, Inspector Joseph Seminara, who is a male, white, continued Benavidez' assignments without a partner and performing non-patrol functions. Inspector Seminara repeatedly rejected Benavidez' Paid Detail application and off-duty employment application without just cause and as a result of discriminatory practices.

39. Benavides requested a mutual transfer to the 49th Precinct, which was rejected after the Inspector would not approve it without just cause and as a result of discriminatory practices.

40. Sgt. Reilley, a male, white, regularly changed Benavidez and assigned him to non-patrol duties while assigning junior officer to more desirous patrol functions.

41. Sgt. Beharry, who is a male, African-American, regularly changes Benavidez assignments to non-patrol duties and assign non-minority officers to more desirous patrol functions.

## AS AND FOR A FIRST CAUSE OF ACTION

42. Plaintiffs repeat and reallege each of the foregoing paragraphs as if set forth more fully herein.

43. Section 703 of Title VII, 42 U.S.C. § 2000e-2, prohibits employment practices that discriminate against persons on the basis of their national origin, ethnicity and/or race. Plaintiffs are informed and believe and thereon allege that Defendants' disparate employment practices as described herein had an adverse and disproportionate impact on them because of their national origin, Hispanic.

44. Defendants' actions as described herein were neither manifestly job-related nor

9

consistent with business necessity.

45. Less discriminatory alternatives existed to achieve Defendants' legitimate business purposes.

46. As a direct, legal and proximate result of the discrimination, Plaintiffs have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

47. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on national origin, race, ethnicity.

48. Plaintiffs are entitled to their reasonable attorneys' fees and costs of suit.

## AS AND FOR A SECOND CAUSE OF ACTION

**National Origin-Based Discrimination (Hostile Work Environment) in Violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e-2(a)**

42. Plaintiffs repeat and reallege each of the foregoing paragraphs as if set forth more fully herein.

43. Plaintiffs were subjected to harassment by Defendant City of New York, by and through its agents and employees as described herein, because of their national origin, Hispanic.

44. Plaintiffs were subjected to verbal and written conduct, described herein, Defendant City of New York, by and through its agents and employees as described herein, because of their national origin, Hispanic.

45. Defendants' agents and employees' conduct was not welcomed by Plaintiffs.

46. Defendants' agents' and employees' conduct was undertaken because of Plaintiffs' national origin, Hispanic.

47. The conduct was so severe or pervasive that reasonable persons in Plaintiffs' positions would find their work environment to be hostile or abusive.

48. Plaintiffs believed their work environment to be hostile or abusive as a result of Defendants' agents' and employees' conduct.

49. Management level employees knew, or should have known of, or themselves personally engaged in, the abusive conduct described herein. Plaintiffs provided management level personnel with information sufficient to raise a probability of national origin, race and ethnicity harassment in the mind of a reasonable employer. Moreover, the harassment was so pervasive and open that a reasonable employer would have had to have been aware of it. Indeed, management level employees were themselves complicit in the abusive conduct.

50. Defendants did not exercise reasonable care to prevent harassment in the workplace on the basis of national origin, and did not exercise reasonable care to promptly correct any harassing behavior that did occur.

51. As a direct, legal and proximate result of the discrimination, Plaintiffs have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

52. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on national origin.

53. Plaintiffs are entitled to their reasonable attorneys' fees and costs of suit.

54. Plaintiffs are entitled to back pay for lost wages and benefits, prejudgment interest on the back pay award, reinstatement to the fullest extent allowed by law, compensatory damages for emotional pain and suffering, other out-of-pocket expenses, costs, prejudgment

interest on any non-back pay out-of-pocket expenses together with such other relief as the Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION FOR UNLAWFUL DISCRIMINATION IN VIOLATION OF NYSHRL § 296 (1) (a)

55. Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth more fully herein.

56. NYS Executive Law 296 (1)(a) expressly prohibits employment discrimination based upon a person's age, race, national origin, or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

57. As sated herein, Plaintiffs Perez and Benavides have been discriminated against by Defendants in compensation or in terms, conditions or privileges of employment due to Plaintiffs' race, national origin and/or ethnicity; to wit, Hispanic.

58. As sated herein, Plaintiff Perez has been discriminated against by Defendants in compensation or in terms, conditions or privileges of employment due to Plaintiff's age; to wit, 51 years.

59. Plaintiffs are entitled to back pay for lost wages and benefits, prejudgment interest on the back pay award, reinstatement to the fullest extent allowed by law, compensatory damages for emotional pain and suffering, other out-of-pocket expenses, costs, prejudgment interest on any non-back pay out-of-pocket expenses together with such other relief as the Court deems just and proper.

## AS AND FOR A FOURTH, SEPARATE AND DISTINCT CAUSE OF ACTION FOR UNLAWFUL RETALIATION IN VIOLATION OF NYSHRL § 296(7)

60. Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth more fully herein.

61. Plaintiffs have objected to their supervisors of the discriminatory actions against them as stated herein. As a result of said objections, the Defendants furthered their discriminatory acts against the Defendants.

62. Plaintiffs are entitled to back pay for lost wages and benefits, prejudgment interest on the back pay award, reinstatement to the fullest extent allowed by law, compensatory damages for emotional pain and suffering, other out-of-pocket expenses, costs, prejudgment interest on any non-back pay out-of-pocket expenses together with such other relief as the Court deems just and proper.

### PLAINTIFFS DEMAND TRIAL BY JURY

**WHEREFORE,** Plaintiffs request the following relief jointly and severally as against all of the Defendants:

> A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in discrimination against Plaintiffs, including disparate treatment in the granting of assignments, overtime, employment opportunities and discipline.
>
> B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals with disabilities, and which eradicate the effects of their past and present unlawful employment practices.
>
> C. Order Defendants to make whole each of the individuals identified herein, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to instatement or reinstatement and front pay.

D.      Order Defendants to make whole each of the individuals identified herein, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.      Order Defendants to make whole each of the individuals identified herein, by providing compensation for past and future no pecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.      Order Defendants to pay each of the individuals identified herein, punitive damages for malicious and reckless conduct, as described above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Grant Plaintiffs an award of disbursements, costs and attorney's fees; and

I.      For such other and further relief as the court deems just and proper.

Dated: January 18, 2023
       Poughkeepsie, New York

                                        Respectfully submitted

                                        LAW OFFICE OF GAMBINO & DEMERS, LLC
                                        222 Church Street
                                        Poughkeepsie, NY  12601
                                        (845) 473-0427

                                    By: _____
                                        THOMAS M. GAMBINO, ESQ.  (TG6332)

14

# EXHIBIT

**Exhibit A**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 10/21/2022

**To:** Oscar Perez
35 gardner avenue
MIDDLETOWN, NY 10940
Charge No: 520-2022-05374

EEOC Representative and email:     Silvia Deng-Batista
Federal Investigator
Silvia.Deng-Batista

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 520-2022-05374.

On behalf of the Commission,

Digitally Signed By:Timothy Riera
10/21/2022

Timothy Riera
Acting District Director

# EXHIBIT

Exhibit B

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

**Issued On: 10/31/2022**
**Charge No: 520-2022-05622**

**To:** Daniel Benavides
537 Marietta Avenue
Thornwood, NY 10594

EEOC Representative and email:   Christiana Doriety,
Federal Investigator
christiana.doriety@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 520-2022-05622.

On behalf of the Commission,

Digitally Signed By: Timothy Riera
10/31/2022

Timothy Riera,
Acting District Director